# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
# The Honorable Michael E. Romero

| | |
|---|---|
| In re:<br><br>FRANK WILLIAM MCINTYRE<br><br>Debtor. | Case No. 19-15069 MER<br><br>Chapter 13 |
| FRANK MCINTYRE<br><br>Plaintiff.<br><br>v.<br><br>DENNIS FANGMAN, KEN OLSON, SOL ENERGY, LLC, CHARLES WILLMAN, and DAVID MCCONAUGHY,<br><br>Defendants. | Adv. Case No. 19-1245 MER |

## ORDER

THIS MATTER comes before the Court on the Motion to Reinstate Bankruptcy Stay Pending Appeal[1] and Financial Affidavit in Support of Request for Attorney, Expert, or Other Services without Payment of Fee[2] filed by Plaintiff Frank McIntyre ("**McIntyre**").  In light of the current posture of this proceeding, the Court will construe the Motion to Stay as a motion to stay the Court's previous Order[3] pending appeal and the Affidavit as a motion to proceed on appeal *in forma pauperis* pursuant to 28. U.S.C. § 1930(f).

With respect to the Motion to Stay, in determining whether to grant a stay pending appeal, the Court is required to consider four factors:  (1) the movant's likelihood of success on appeal; (2) whether movant will suffer irreparable harm without a stay; (3) the absence of harm to respondent if

---

[1] ECF No. 78 ("**Motion to Stay**").  *See also* ECF Nos. 81 (Defendants McConaughy, Olson, and SoL Energy, LLC's objection thereto) and 82 (Defendant Willman's objection thereto).

[2] ECF No. 79, Exh. 1 ("**Affidavit**").

[3] ECF No. 53.

the stay is granted; and (4) whether the public interest will be harmed.[4] Courts in the Tenth Circuit apply a balancing approach.[5]

Although McIntyre does not directly address any of these factors, the Court concludes the first factor, McIntyre's likelihood of success on appeal, weighs in favor of denying the Motion to Stay. At the outset, the Court notes its decision to abstain from hearing the majority of claims in this matter was both mandatory pursuant to 28 U.S.C. § 1334(c)(2) and discretionary pursuant to 28 U.S.C. § 1334(c)(1). "Discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1) falls within the sound discretion of the bankruptcy court. Under the abuse of discretion standard[,] a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances."[6] With respect to the merits of McIntyre's appeal, the Court has already determined, twice,[7] the factors weigh heavily in favor of abstention based, in part, on the fact the same state law claims asserted in this proceeding had been pending in state court for a year prior to McIntyre's bankruptcy filing. Additionally, with respect to the dismissal of McIntyre's claim under 28 U.S.C. § 1983, the Court found there to be no challenged action under color of state law, which is required in order to maintain such claim. As such, the Court finds there to be little likelihood of McIntyre's success on appeal.

"It has been said that 'if the moving party cannot demonstrate that he is likely to succeed [on the merits] … the remaining factors become matters of idle curiosity.'"[8] The Court recognizes other required elements of stay pending appeal may be met in this case, especially the likelihood of irreparable harm to McIntyre. If the Court's Order is not stayed and McIntyre is left to pursue his claims in state court, he will be faced with multiple challenges, including the burden of proceeding through the federal appellate process as well as in state court. It is also likely if the Motion to Stay is granted, the defendants in this matter will not suffer harm, at least insofar as they too will only have to proceed in one venue at a time. The Court acknowledges a stay would delay the liquidation of the defendants'

---

[4] *Nken v. Holder*, 556 U.S. 418, 433 (2009).

[5] *In re Neighbors*, 2016 U.S. Dist. LEXIS 58317, at *3 (D. Kan. 2016).

[6] *In re George Love Farming, LLC*, 438 B.R. 354, *4 (unpublished, table) (internal quotation marks omitted) (quoting *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994)).

[7] *See* ECF Nos. 53 and 76.

[8] *Neighbors*, 2016 U.S. Dist. LEXIS 58317 at *7 (quoting *Esso Standard Oil Co. v. Monroig-Zayas*, 445 F.3d 13, 18 (1st Cir. 2006) (internal quotation marks omitted)).

claims against McIntyre, but given the automatic stay prevents them from collecting on any judgment, this factor is somewhat mitigated.  Additionally, the Court does not find a public interest will be harmed if the Motion to Stay is denied, and due to the low probability of success on appeal, this Court declines to grant the Motion to Stay.  Rather, upon entry of this Order, McIntyre will be entitled to seek a stay from the Bankruptcy Appellate Panel presiding over the appeal pursuant to Rule 8007(b).

With respect to McIntyre's Affidavit, 28 U.S.C. § 1930 governs bankruptcy fees.  Subsection (f) addresses the district court's and bankruptcy court's authority to waive filing fees and provides:

> (1) Under the procedures prescribed by the Judicial Conference of the United States, the district court or the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line (as defined by the Office of Management and Budget, and revised annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981) applicable to a family of the size involved and is unable to pay that fee in installments. For purposes of this paragraph, the term "filing fee" means the filing fee required by subsection (a), or any other fee prescribed by the Judicial Conference under subsections (b) and (c) that is payable to the clerk upon the commencement of a case under chapter 7.
>
> (2) The district court or the bankruptcy court may waive for such debtors other fees prescribed under subsections (b) and (c).
>
> (3) This subsection does not restrict the district court or the bankruptcy court from waiving, in accordance with Judicial Conference policy, fees prescribed under this section for other debtors and creditors.

While the Tenth Circuit Court of Appeals has addressed motions to proceed *in forma pauperis* in the bankruptcy context on several occasions, the opinions found by this Court are generally unpublished opinions and thus subject to Tenth Circuit Court of Appeals Rule 32.1, which provides, in relevant part, "[u]npublished decisions are not precedential, but may be cited for their persuasive value."[9]  The Court finds the Tenth Circuit's opinion in *In re Musil*[10] to be particularly persuasive in this regard.  In *Musil*, the

---

[9] 10th Cir. R. 32.1(A).

[10] *In re Musil*, 946 F.2d 901 (10th Cir. 1991) (unpublished, table).

Court of Appeals stated "In order to succeed on the motion [to proceed *in forma pauperis*], [the appellant/debtor] must show both a financial inability to pay the required filing fees, and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."[11]

Here, McIntyre did not file a formal motion requesting the fee for his appeal be waived. The only information presented to the Court for its consideration of the request is the Affidavit. The Affidavit indicates McIntyre is currently unemployed and has received a total of $6,320.00 in the last 12 months through social security and self-employment income. The Affidavit further indicates he owns only minimal unencumbered assets. However, while the Affidavit may demonstrate McIntyre's inability to pay the fee required for filing an appeal, it does not specify any argument to be raised on appeal, frivolous or nonfrivolous. As such, and in light of the Court's remarks above as to McIntyre's unlikelihood of success on appeal, the Court declines to grant McIntyre's request to proceed on appeal *in forma pauperis*.

Accordingly,

IT IS HEREBY ORDERED McIntyre's Motion to Reinstate Bankruptcy Stay Pending Appeal and Request for Attorney, Expert, or Other Services without Payment of Fee are DENIED.

Dated May 14, 2020                    BY THE COURT:

Michael E. Romero, Chief Judge
United States Bankruptcy Court

---

[11] *Id.* at *1.