# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE TENTH CIRCUIT

_____

| | |
|---|---|
| IN RE FRANK MCINTYRE, | BAP No. CO-20-020 |
| Debtor. | |
| _____ | |
| FRANK MCINTYRE, | Bankr. No. 19-15069 |
| Appellant, | Adv. No. 19-01245 |
| | Chapter 13 |
| v. | |
| DENNIS FANGMAN, KEN OLSON, SOL ENERGY, LLC, DAVID MCCONAUGHY and CHARLES WILLMAN, | ORDER DENYING MOTION FOR LEAVE AND DISMISSING APPEAL |
| Appellees. | |

_____

Before **CORNISH**, **SOMERS**, and **HALL**, Bankruptcy Judges.

_____

On April 28, 2020, Appellant appealed the Bankruptcy Court's *Order* [Dkt. No. 53][1] (the "Order"), granting in part Appellees' motion to dismiss as to fourteen of the fifteen claims brought by Appellant in the below adversary proceeding. In the Order, the Bankruptcy Court held in abeyance the remaining claim objecting to proofs of claim pending resolution of the related state court litigation. Because the Order did not resolve all of the parties' claims, this Court entered an order to show cause why the appeal should not be dismissed as interlocutory. Both parties responded. Appellant argues that the Order

---

[1] Appellant also appealed the *Order* [Dkt. No. 48], a procedural order setting deadlines and limiting responses to pending motions to dismiss, and the *Order* (Dkt. No. 76), denying Appellant's request for reconsideration of the Order.

is final under the collateral order doctrine. Alternatively, Appellant requests leave to file

an interlocutory appeal.

This Court has jurisdiction to hear timely-filed appeals from "final judgments,

orders, and decrees" of bankruptcy courts within the Tenth Circuit. 28 U.S.C.

§ 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8002, 8005; 10th Cir. BAP L.R. 8005-1.

Federal Rule of Civil Procedure 54(b), made applicable by Federal Rule of Bankruptcy

Procedure 7054 ("Rule 54"), provides:

> When an action presents more than one claim for relief—whether as a claim,
> counterclaim, crossclaim, or third-party claim—or when multiple parties are
> involved, the court may direct entry of a final judgment as to one or more, but
> fewer than all, claims or parties only if the court expressly determines that there is
> no just reason for delay. Otherwise, any order or other decision, however
> designated, that adjudicates fewer than all the claims or the rights and liabilities of
> fewer than all the parties does not end the action as to any of the claims or parties
> and may be revised at any time before the entry of a judgment adjudicating all the
> claims and all the parties' rights and liabilities. Fed. R. Civ. P. 54(b).

Here, none of the Orders appealed contain a certification under Rule 54(b),

determining that there is no just reason for delay. Because the Bankruptcy Court reserved

ruling on the remaining claim, the Order does not adjudicate all of the parties' claims and

does not completely dispose of the adversary proceeding on the merits. Absent the clear

determination and direction called for by Rule 54(b), this Court does not have jurisdiction

to review an order that adjudicates fewer than all the claims or the rights and liabilities of

fewer than all the parties. *Niemi v. Lasshofer*, 770 F.3d 1331, 1341 (10th Cir. 2014); *Ries

v. Sakut (In re Sukut)*, 380 B.R. 577, 583 (10th Cir. BAP 2007).

We have considered whether the Order is reviewable as a final order under the

collateral order doctrine. Appellant argues that holding the claim in abeyance is the

equivalent of abstention. We do not agree. Holding the claim objections in abeyance until

the state court litigation is resolved is not the same as abstaining from deciding the claim objections. Accordingly, we conclude the Order is not a final order under the collateral doctrine.

We have also considered whether leave to appeal should be granted. Leave should be granted only in exceptional cases where the appealed order or judgment involves a controlling question of law for which there is substantial ground for difference of opinion, and where the immediate resolution of the issue will materially advance termination of the litigation.[2] Appellant has not presented us with any exceptional factors that would warrant hearing this case prior to its ultimate resolution. Accordingly, we determine leave to appeal is not warranted, and we dismiss the appeal for lack of jurisdiction. For the reasons stated above, it is HEREBY ORDERED that:

1. This appeal is DISMISSED.

2. All deadlines previously set in this appeal are VACATED.

For the Panel

Blaine F. Bates
Clerk of Court

---

[2] *Phosphorus Ltd. v. Fox (In re Fox)*, 241 B.R. 224, 232 (10th Cir. BAP 1999).

3