IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero

| | |
|---|---|
| In re:<br><br>FRANK WILLIAM MCINTYRE<br><br>Debtor. | Case No. 19-15069 MER<br><br>Chapter 13 |
| FRANK MCINTYRE<br><br>Plaintiff.<br><br>v.<br><br>DENNIS FANGMAN, KEN OLSON, SOL ENERGY, LLC, CHARLES WILLMAN, and DAVID MCCONAUGHY,<br><br>Defendants. | Adv. Case No. 19-1245 MER |

## ORDER

THIS MATTER comes before the Court *sua sponte* upon review of the matters still pending before the Court in the instant proceeding.

This adversary proceeding was commenced on August 20, 2019 by Debtor-Plaintiff Frank McIntyre ("**McIntyre**") against Defendants Dennis Fangman, Ken Olson, Sol Energy LLC, Charles Willman, and David McConaughy.[1] The dispute is centered around a business transaction gone wrong, which was the subject of state court litigation pending at the time McIntyre's bankruptcy petition was filed. With the exception of McIntyre's final claim for relief against Ken Olson and Sol Energy LLC (together, the "**Olson Parties**"), all other claims have been dismissed due to the Court's exercise of its discretionary abstention, and to the Court's knowledge the state court appellate process remains ongoing.[2]

McIntyre's remaining claim is based primarily on his substantive dispute of the Olson Parties' claims against him, stating such claims are "no[t] liquidated" and based on an interlocutory state court order, which, according to McIntyre, is "based on false statements and claims . . . made in state court."[3] Essentially McIntyre is requesting the

---

[1] ECF No. 1 ("**Complaint**").

[2] ECF No. 53.

[3] Complaint at p. 37.

Court to deny the Olson Parties' state law claims based on McIntyre's state law counterclaims and defenses. While couched in a "core" claim objection proceeding, consideration of this claim inherently involves state law principals. Putting substance over form, the "claim objection" is simply a re-assertion of the claims the Court has already abstained from hearing and are pending through the appropriate state appellate channels.

As such, the Court finds it appropriate to dismiss the only remaining claim from this adversary proceeding without prejudice, with the caveat any *pro rata* distribution on such claims by the Chapter 13 Trustee should be held until the state court litigation is fully adjudicated. To the extent McIntyre is successful in the state court litigation, he may re-assert his objection to the Olson Parties' claims at that time.

Accordingly,

IT IS HEREBY ORDERED this proceeding is DISMISSED.

Dated January 31, 2022

BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court