**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Michael E. Romero

| | |
|---|---|
| In re:<br><br>Frank William McIntyre,<br><br>Debtor. | Bankruptcy Case No. 19-15069 MER<br><br>Chapter 13 |
| Frank William McIntyre,<br><br>Plaintiff,<br><br>v.<br><br>Dennis Fangman, Ken Olson, SoL Energy, LLC, Charles Willman, David McConaughy,<br><br>Defendants. | Adversary Proceeding No. 19-1245 MER |

**ORDER DENYING MOTION TO REINSTATE**

THIS MATTER comes before the Court on the Motion to Reinstate Adversary Case and Motion for Leave to File Amended Adversary Complaint ("**Motion**") filed by Plaintiff-Debtor, Frank McIntyre ("**McIntyre**") and the responses filed by David McConaughy, Ken Olson ("**Olson**") and SoL Energy, LLC ("**SoL Energy**").

**BACKGROUND**

This proceeding has a long history. McIntyre and an entity McIntyre owned, Glenwood Clean Energy, LLC ("**GCE**"), and Defendants Dennis Fangman, Ken Olson, and SoL Energy were involved in prepetition state court interpleader litigation in Garfield County District Court ("**State Court**").[1] When things began to go badly for GCE in State Court, McIntyre filed for bankruptcy and initiated this adversary proceeding. McIntyre's original Complaint alleged essentially the same state law claims and defenses he had alleged in State Court. He also included an objection to the proofs of claim filed by Olson and SoL Energy. In orders dated January 23, 2020, and April 16, 2020, this Court abstained from hearing McIntyre's state law claims. It granted the Defendants relief from the stay and allowed them to return to State Court to liquidate their remaining claims

---

[1] Case No. 2018-CV-30139. Defendant Charles Willman was the state court attorney for Fangman and David McConaughy was the state court attorney for Olson and SoL Energy.

against McIntyre.[2] This Court also held McIntyre's claim objections in abeyance pending resolution of the State Court litigation and denied McIntyre permission to amend his complaint. Later, this Court entered an order dated January 31, 2022, dismissing McIntyre's remaining claim objection without prejudice to McIntyre later reasserting the objections if he was successful in State Court.[3]

The parties then proceeded to trial in the State Court, where McIntyre and GCE lost. The State Court entered two judgments against McIntyre and GCE: (i) one in favor of SoL Energy for $39,480; and (ii) one in favor of Olson for $18,831 for attorney fees and costs. McIntyre appealed both judgments to the Colorado Court of Appeals, which reversed the State Court's judgment that held McIntyre personally liable with GCE for the $39,480 judgment but affirmed the State Court in all other respects.

McIntyre now seeks to amend his Complaint in this adversary proceeding to once again object to Olson's and SoL Energy's proofs of claim and to assert two new claims for violations of 41 U.S.C. § 1983 against the existing Defendants and seven new defendants, including the State Court judge, the three Colorado Court of Appeals justices who presided over McIntyre's appeal and the Colorado Secretary of State.

**A.    Claim Objections**

McIntyre's proposed amended complaint objects to the proofs of claim filed by SoL Energy (proof of claim number 5) and Ken Olson (proof of claim number 6). Since the filing of the Motion, SoL Energy has withdrawn claim number 5, thereby mooting any objection against that claim.

That leaves claim number 6, filed by Ken Olson, based on the State Court judgment awarding him $18,831 in attorney fees and costs. The State Court awarded the fees under Colo. Rev. Stat. § 13-17-201(1) after dismissing certain tort claims McIntyre had filed against Olson. The Colorado Court of Appeals affirmed this judgment, rejecting McIntyre's argument that the State Court improperly dismissed the tort claims or otherwise abused its discretion in awarding the fees. McIntyre admits the State Court's judgment is now final.[4]

When this Court dismissed McIntyre's original claim objections, the Court stated "[t]o the extent McIntyre is successful in the state court litigation, he may re-assert his objection to the Olson Parties' claims at that time."[5] McIntyre was not successful in the State Court litigation regarding the $18,831 judgment, and he has no basis to reassert a claim objection now. The state court judgment has a preclusive effect in this adversary proceeding, and McIntyre is barred from further challenging the judgment in this

---

[2] ECF Nos. 53, 76.

[3] ECF No. 114.

[4] Case No. 19-15069, ECF No. 206, at 2 ("The short answer to the status of the state court cases relating to Adversary Proceeding 19-01245 MER is that final orders have been entered at both the trial court and appellate court level.").

[5] ECF No. 114, at 2.

adversary proceeding.[6] Nothing in McIntyre's Motion or proposed amended complaint demonstrates any legitimate basis to argue otherwise. Thus, any amendment to McIntyre's Complaint in this proceeding to add a claim objection would be futile.[7]

**B.     § 1983 Claims**

McIntyre's Motion also seeks to add two new claims under 42 U.S.C. § 1983 for alleged violations of his civil rights. This is not the first time McIntyre has tried to add a § 1983 claim to this proceeding. Back in 2019, he sought to amend his original Complaint to assert the Defendants abused the state interpleader process to deprive him of property in violation of § 1983.[8] He claimed, for example, that Defendants fraudulently used the interpleader rule to get a "de facto" prejudgment attachment of his property without meeting the strict requirements for that relief in violation of his due process rights. This Court denied McIntyre's request, finding that his proposed § 1983 claim would be barred by the Rooker-Feldman doctrine and because the claim was so deficient that amending the Complaint would be futile.[9] McIntyre unsuccessfully appealed that decision to both the Bankruptcy Appellate Panel for the Tenth Circuit ("**BAP**") and to the Tenth Circuit.[10] Both the BAP and Tenth Circuit agreed that McIntyre's § 1983 claim was fatally deficient because he failed to allege a necessary element—namely that the Defendants had acted in concert with a state official(s) in depriving him of a federal right.

The proposed amended complaint attached to the McIntyre's current Motion seeks to address this deficiency by alleging Olson and SoL Energy (and their attorneys) acted in concert with the State Court judge, the Colorado Court of Appeals justices who presided over his appeal, as well as the Colorado Secretary of State, who McIntyre alleges "maintains" the Colorado interpleader law, *i.e.* Colo. R. Civ. P. 22. The substance of his § 1983 claims are essentially the same. He claims that all these parties improperly used Colorado's interpleader rule to deprive him of his property in violation of his due process rights.

McIntyre's proposed changes do not solve the deficiencies identified by the BAP and Tenth Circuit. A state court judge is absolutely immune from § 1983 liability except when the judge acts in the clear absence of all jurisdiction.[11] Whether a judge performed a "judicial act" or acted "in the clear absence of jurisdiction" is determined by looking to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in

---

[6] *In re Abboud*, 237 B.R. 777, 780-83 (10th Cir. BAP 1999).

[7] *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1102–2 (10th Cir. 2019).

[8] ECF No. 33.

[9] ECF No. 53, 76.

[10] ECF Nos. 122, 126.

[11] *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57, (1978)); *Johnson v. Schmidt*, 838 Fed. App'x 319, 322 (10th Cir. 2020).

his judicial capacity."[12] McIntyre alleges no facts suggesting that the State Court judge and Court of Appeals justices acted outside of their judicial capacity. Rather, McIntyre alleges those individuals engaged in unconstitutional conduct while presiding over the trial and his appeal. As such, the judge and justices were performing judicial acts and were clothed with absolute judicial immunity. Thus, McIntyre's § 1983 claim against those individuals fails.

McIntyre's inclusion of the Colorado Secretary of State, Jena Griswold, as a defendant appears to be based on the mistaken belief that her office is somehow responsible for "maintaining" the Colorado Rules of Civil Procedure and specifically Rule 22 on interpleader. The Court finds no authority for this proposition. Rather, the Colorado Supreme Court is responsible for making and promulgating the Colorado Rules of Civil Procedure.[13] Because the Colorado Secretary of State had no possible role in any of the State Court proceedings, McIntyre has no basis to include her as a defendant. Even if he had attempted to sue the justices of the Colorado Supreme Court for their part in promulgating Colo. R. Civ. P. 22, that claim would also be barred as the justices are protected by absolute legislative immunity for such activities.[14] Thus, allowing amendment of McIntyre's complaint to add § 1983 claims would be futile because he has failed to properly allege that Olson and SoL Energy (or their attorneys) acted in concert with any state officials.

Even if McIntyre had included sufficient allegations, his § 1983 claims would be barred by the Rooker-Feldman doctrine because he is essentially asking this Court to perform appellate review of the decisions of the State Court and the Colorado Court of Appeals. Under the Rooker-Feldman doctrine, "only the Supreme Court has jurisdiction to hear appeals from final state court judgments. Federal district courts do not have jurisdiction to review state court judgments or claims inextricably intertwined with them."[15] In other words, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in [federal court], based on the losing party's claim that the state judgment itself violates the loser's federal rights."[16] McIntyre argues the BAP rejected this Court's prior application of Rooker-Feldman to his proposed § 1983 claims. This is not entirely accurate. The BAP determined that application of Rooker-Feldman to McIntyre's earlier motion to amend was inappropriate because, at that time in 2020, a final State Court judgment had not yet entered.[17] The

---

[12] *Hunt*, 17 F.3d at 1266 (internal quotation omitted).

[13] Colo. Const. art. 6, § 21 ("The supreme court shall make and promulgate rules governing the administration of all courts and shall make and promulgate rules governing practice and procedure in civil and criminal cases.").

[14] *Collins v. Daniels*, 916 F.3d 1302, 1317 (10th Cir. 2019) (concluding plaintiff could not bring § 1983 claim against the justices of the Supreme Court of New Mexico because they acted in their legislative capacity when they amended the state's rules of criminal procedure).

[15] *Johnson v. Schmidt*, 838 Fed. App'x 319, 322 (10th Cir. 2020) (internal citation omitted);

[16] *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (citing *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

[17] ECF No. 122, at 26.

State Court's judgment is now final, and application of Rooker-Feldman is appropriate. Thus, the BAP's earlier decision is no longer relevant.

## CONCLUSION

For the reasons discussed above, McIntyre's Motion is DENIED.

Dated: February 2, 2026　　　　　　　　BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court